# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PREMIER CONCRETE PRODUCTS, INC. | : | DOCKET NO. 05-1468 |
| VS. | : | JUDGE TRIMBLE |
| AZTECA ENTERPRISES, INC., ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is Azteca Enterprises, Inc. and Liberty Mutual Insurance Company's Motion for Final Summary Judgment [doc. # 12].[1]

On August 15, 2005, the United States, for the use and benefit of Premier Concrete Products, Inc. filed the instant suit under the Miller Act, 40 U.S.C. § 3133, for the recovery of an unpaid balance due from furnishing materials to a work project at Fort Polk, Louisiana. Made defendants were Azteca Enterprises, Inc., the contractor for the work project; and Liberty Mutual Insurance Company, the issuer of a payment and performance bond for the project.

On February 27, 2006, Azteca and Liberty Mutual filed the instant motion for summary judgment seeking dismissal of plaintiff's claims. Following a delay for briefing, the matter is now before the court.

## Summary Judgment Principles

Summary judgment is proper if the movant demonstrates that "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is

---

[1] The above-captioned matter has been referred to the undersigned for the conduct of all further proceedings and the entry of judgment. 28 U.S.C. § 636(c).

no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *Lechuga v. Southern Pacific Transp. Co.*, 949 F.2d 790 (5th Cir. 1992). Moreover,

> [f]or any matter on which the non-movant would bear the burden of proof at trial, . . . the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Only when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party" is a full trial on the merits warranted.

*Transamerica Insurance Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995)(citing, *Celotex Corp. v. Catrett,* 477 U.S. 317, 333-34, 106 S.Ct. 2548, 2558 (1986)).

In response to a properly supported motion for summary judgment, the non-movant, may not rest upon the mere allegations or denials contained in her pleadings, but instead must set forth, by affidavit or otherwise, the specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). In other words, once the moving party points to an absence of evidence in the nonmoving party's case, the nonmovant must come forward with summary judgment evidence sufficient, such that if introduced at trial, it would suffice to prevent a directed verdict against the nonmovant. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

<u>Discussion</u>

In accordance with local rule, movants submitted a Statement of Material Facts as to which there is no genuine issue to be tried. LR 56.1. In response, plaintiff submitted a Statement of Uncontested Facts which either substantially followed, or did not contest the facts set forth in defendants' statement. Thus, defendants' facts are deemed admitted, and most are adopted below. LR 56.2.

1) Azteca entered into a contract to construct a facility at Fort Polk, Louisiana known as the Mission Support Training Facility Project ("Project").

2) S&S Masonry, Inc. entered into a subcontract with Azteca to perform a portion of the work on the Project.

3) Azteca obtained, as required by the Miller Act, 40 U.S.C. § 3131, and Liberty Mutual issued, a payment and performance bond for the Project bearing Bond No. 22014778. Pursuant to the requirements of the Miller Act, a payment ("Bond") was issued by Liberty Mutual to satisfy Azteca's obligations in connection with the Project.

4) S&S entered into a purchase order with Premier for the purchase and delivery of material to be used in the construction of the Project.

5) Premier delivered material which was used in the construction of the Project.
(Defendants' Statement of Material Facts (1-5)).

Plaintiff alleges that Azteca did not pay S&S, nor any other party for the material that was supplied by Premier to complete the project. (Plaintiff's Statement of Uncontested Facts, No. 4).

Defendants contend that plaintiff's suit is subject to dismissal for the following reasons:

1) Premier failed to send Azteca the mandatory written notice under the Miller Act advising Azteca that Premier was asserting a claim directly against Azteca for payment of the materials that Premier provided S&S at the project; and

2) Even if a February 2, 2006, demand letter addressed to S&S advised Azteca that S&S was making a Miller Act claim against Azteca, the demand was deficient because it was not delivered to Azteca within the requisite 90 day period.

We address each in turn.

1) <u>Written Notice</u>

The relevant statute provides that

> [a] person having a direct contractual relationship with a subcontractor but no contractual relationship, express or implied, with the contractor furnishing the payment bond may bring a civil action on the payment bond on giving written notice to the contractor within 90 days from the date on which the person did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made. The action must state

3

> with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. . . .

40 U.S.C. § 3133(b)(2).

"While the provisions of the notice requirement should be construed liberally, . . . it is crucial that the notice state a claim directly against the general contractor, that the claim be stated with some specificity of amount due, and that the claim specify the subcontractor allegedly in arrears. *U. S. for Use and Benefit of Jinks Lumber Co. v. Federal Ins. Co.*, 452 F.2d 485, 488 (5th Cir. 1971)(citations omitted). Although a writing is still necessary, oral statements can be combined with the writing to satisfy the notice requirements. *U.S. ex rel. Kyle v. H.J. Group Ventures, Inc.,* 1999 WL 33537111 (N.D. Miss. 1999)(citing, *U.S. for Use of Consol. Elec. Distributors, Inc. v. Altech, Inc.*, 929 F.2d 1089, 1093 (5th Cir. 1991)). "In no case has writing been held unnecessary." *Coffee v. U.S., for Use and Benefit of Gordon* 157 F.2d 968, 969 (5th Cir. 1946).

Nevertheless, written invoices plus oral communications that bring "home to the general contractor the nature and state of the indebtedness" satisfy the written notice requirement. *U.S. for Use of Consol. Elec. Distributors, Inc. v. Altech, Inc.*, 929 F.2d 1089, 1093 (5th Cir. 1991)(citing, *Coffee, supra*; *Houston Fire & Cas. Ins. Co. v. U.S. for Use and Benefit of Trane Co.*, 217 F.2d 727, 730 (5th Cir. 1954). The written notice must be *received* by the general contractor within 90 days from when the last labor or material was furnished or supplied by the claimant which forms part of the claim. *See, U. S. for Use and Benefit of Jinks Lumber Co. v. Federal Ins. Co.*, 452 F.2d 485, 487 (5th Cir. 1971)(discussing "arrival" of the letter as dispostive).

4

In the case *sub judice*, the parties focus upon a February 2, 2005, demand letter from plaintiff's counsel to S&S that was copied to Azteca and Liberty Mutual. (Def. Exh. C). However, plaintiff has adduced evidence that its Credit Manager, Dana Prejean, spoke with Azteca's Project Manager, Mike Ebert in November and December 2004, advising him that $ 82,469.87 remained due for material that Premier had supplied for the Project, and that Premier would be looking to Azteca for payment of the outstanding invoices. (Prejean Affidavit; Pl. Exh. B). Moreover, Prejean sent the invoices to Mike Ebert, who acknowledged that he would look into paying them. *Id.*[2] An invoice and a delivery ticket attached to plaintiffs' affidavits indicate that S&S was the party to whom the materials were furnished. (Pl. Exhs. A1 & A2).

Plaintiff has not adduced the invoices for the claims at issue that were sent to Azteca, nor has plaintiff directly alleged that the invoices were timely received by Azteca. However, there is evidence that the invoices were sent to Azteca in November and December 2004, and that the parties discussed the invoices at that time. Given these discussions, it is reasonable to conclude that Azteca received the invoices during that time frame.[3]

2) Timeliness

Plaintiff has adduced evidence that it delivered $ 3,007.49 of materials to the Project on November 11, 2004. (Newton Affidavit; Pl. Exh. A & A2). For purposes of the motion for

---

[2] Also, on January 6, 2005, plaintiff's Chief Operating Officer, David Newton, discussed with Mike Ebert the $ 82,469.87 outstanding balance due for the materials supplied by Premier for the Project. (Newton Affidavit; Pl. Exh. A). Newton notified Ebert that Premier would be looking to Azteca to pay the outstanding amount. *Id.*

[3] Of course if after further discovery, the *uncontroverted* evidence establishes that Azteca did not receive the unpaid invoices prior to February 9, 2005, then a renewed motion for summary judgment may be appropriate.

summary judgment, defendants agree that we must accept November 11, 2004, as the last day that Premier supplied materials to the Project. (Def. Reply Brief; pgs. 3-4). Plaintiff's evidence of the oral conversations that occurred in November-December 2004 (and on January 6, 2005), coupled with the written invoices that were provided during that period fall well within the 90 day notice period (*See*, Def. Reply Brief, pg. 4)(written notice required to be provided to Azteca by February 9, 2005). Accordingly, notice was timely.

For the foregoing reasons, defendants' Motion for Final Summary Judgment [doc. # 12] is hereby DENIED. Fed.R.Civ.P. 56.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 17th day of April, 2006.

*[signature]*
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE